## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL WOMEN'S LAW CENTER**<br>11 Dupont Circle, N.W., Suite 800<br>Washington, DC 20036<br><br>     Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT**<br>**OF EDUCATION**<br>400 Maryland Avenue, SW<br>Washington, DC 20202<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
## THE FREEDOM OF INFORMATION ACT

Plaintiff, the National Women's Law Center ("NWLC"), for its complaint against

defendant United States Department of Education ("ED"), states as follows:

## INTRODUCTION

1.      This is an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to require the disclosure of agency records that ED has improperly withheld and for other

relief.

2.      Pursuant to FOIA, NWLC has requested records regarding the Department of

Education's enforcement of Title IX of the Education Amendments of 1972 ("Title IX") with

respect to sexual harassment. The records are a matter of public concern. Without their release,

students, families, and legal service providers such as NWLC will be kept in the dark about

whether and how ED enforces Title IX's protections for student survivors of sexual harassment,

including rape. Without their release, victims will not know whether they can trust their

government to enforce civil rights laws and intervene on their behalf. Without their release,

attorneys will be uncertain about how to counsel victims about whether and how to seek the

administrative remedies ED is tasked with providing. As a result, it will be harder for victims to

hold their schools accountable for their Title IX violations.

3.      The purpose of FOIA is to promote government transparency and ensure citizens

can hold their leaders accountable. The Department of Education has violated FOIA by failing to

release any records in response to NWLC's request by the deadlines set by statute.

## JURISDICTION AND VENUE

4.      The court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. §§ 1331 and 1361.

5.      Venue lies in the United States District Court for the District of Columbia

pursuant to 28 U.S.C § 1391(b) because Defendant ED is a resident of the District of Columbia.

## PARTIES

6.      Plaintiff National Women's Law Center ("NWLC") is a 45-year-old nonpartisan,

nonprofit organization that advocates for the rights of women and girls and is based in

Washington, D.C. For decades, NWLC has worked to combat sex discrimination in schools, with

a particular focus on sexual harassment. NWLC provides free legal services to students

experiencing sexual harassment, including a legal helpline and representation in both federal

courts and administrative proceedings with the Department of Education. NWLC also educates

policymakers about the importance of civil rights protections for student victims and advocates

for robust enforcement of those laws.

7.      ED is the federal agency responsible for oversight of education. Among its

responsibilities is the enforcement of civil rights laws, including Title IX, which prohibits sex

discrimination in federally funded education programs. ED is an agency within the meaning of

5 U.S.C. § 552(f).

## STATEMENT OF FACTS

8.      U.S. students face sexual harassment, which encompasses sexual assault, at

alarmingly high rates. Research from the Association of American University Women indicates

nearly half of all students, and more than half of all girls, experience sexual harassment in

school. *See* Catherine Hill and Holly Kearl, American Association of University Women,

*Crossing the Line: Sexual Harassment at School* 11 (2011),

http://www.aauw.org/files/2013/02/Crossing-the-Line-Sexual-Harassment-at-School.pdf.  A

recent national survey by NWLC found that one in five girls ages 14-18 has been kissed or

touched without her consent.  *See* Kayla Patrick and Neena Chaudhry, National Women's Law

Center, *Let Her Learn: Stopping School Pushout for Girls Who Have Suffered Harassment and

Sexual Violence* 1 (2017), https://nwlc.org/wp-

content/uploads/2017/04/final_nwlc_Gates_HarassmentViolence.pdf.  Lesbian, gay, bisexual,

and transgender girls report these forms of sexual assault at even higher rates, as do Latina,

Black, and Native American girls.  *Id.* at 3. When 27 top universities surveyed their student

bodies, a fifth of women reported that they had been sexually victimized.  *See* Nick Anderson

and Susan Svrluga, *What a massive sexual assault survey found at 27 top universities*, The

Washington Post (Sept. 21, 2015), https://www.washingtonpost.com/news/grade-

point/wp/2015/09/21/what-a-massive-sexual-assault-survey-showed-about-27-top-u-s-

universities/?utm_term=.07c97b1f0c90.

9. Sexual harassment poses a threat to students' access to education. When schools fail to respond appropriately to reports of sexual harassment, victims often miss class, perform poorly, and even drop out of school. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 634, (1999) (describing deleterious impact of school's failure to respond to sexual harassment on student victims' academic performance); Rebecca Marie Loya, *Economic Consequences of Sexual Violence for Survivors: Implications for Social Policy and Social Change* 96-100 (June 2012) (unpublished Ph.D. dissertation, Brandeis University), https://static1.squarespace.com/static/551e0348e4b0c1bae0983f61/t/55b19581e4b01705b03e0b1 c/1437701505305/Loya2012EconomicConsequencesRape.pdf.

10. Some students incur significant financial costs as a result, such as lost scholarships or medical expenses. *See* Dana Bolger, *Gender Violence Costs: Schools' Financial Obligations Under Title IX*, 125 YALE L.J. 2106 (2016) (describing the financial impact of gender violence on student survivors); *Voluntary Resolution Agreement, No. 02-11-2025*, PRINCETON UNIV. (Oct. 12, 2014), http://www2.ed.gov/documents/press-releases/princeton-agreement.pdf (requiring university to compensate students for expenses derived from the university's failures to respond to sexual harassment). Under Title IX, schools that receive federal funding are required to address sexual harassment as a form of sex discrimination. *See* 34 C.F.R. § 106.8(b); *see also Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60 (1992). However, as research, news accounts, lawsuits, and federal investigations make clear, many schools – from preschools to graduate programs – do not comply with this legal requirement. *See, e.g.*, Compliance Resolution Letter from Office for Civil Rights, U.S. Dep't of Educ., to Tufts Univ. 19 (Apr. 28, 2014), http://www2.ed.gov/about/offices/list/ocr/docs/investigations/01102089-a.html (detailing

university's failures to respond appropriately to reports of sexual harassment); Catharine A.

MacKinnon, *In Their Hands: Restoring Institutional Liability for Sexual Harassment in*

*Education*, 125 Yale L.J. 2038, 2060-61 (2016) (summarizing media and legal accounts of

schools' failures to address sexual harassment); Michelle J. Anderson, *The Legacy of the Prompt*

*Complaint Requirement, Corroboration Requirement, and Cautionary Instructions on Campus*

*Sexual Assault*, 84 B.U. L. Rev. 945 (2004) (describing onerous university requirements for rape

victims reporting to their schools).

11.    Despite the clear threat of sexual harassment to students' educational

opportunities, the Department of Education under President Trump's administration has refused

to commit to enforcing federal protections, as Congress charged it to do by statute. In her

confirmation hearing, Education Secretary Betsy DeVos said it would be "premature" for her to

commit to preserving guidance explaining Title IX's protections for sexual assault survivors.

Tyler Kingkade, *Trump's Education Secretary Nominee Won't Commit to Keeping Campus Rape*

*Rules*, BuzzFeed News (Jan. 17, 2017), https://www.buzzfeed.com/tylerkingkade/betsy-devos-

title-ix?utm_term=.dgm35E8P3#.ifMobd31o. In February 2017, she told a reporter that she

"can't think of any" current threats to students' civil rights that require federal intervention.

Lauren Camera, *DeVos: I'd Be Fine Ditching the Education Department*, U.S. News & World

Report (Feb. 17, 2017), https://www.usnews.com/news/articles/2017-02-17/betsy-devos-id-be-

fine-if-we-could-ditch-the-education-department. In congressional testimony on May 24, 2017,

Secretary DeVos indicated that the Department would not prevent "voucher" schools from

receiving federal funding, even if they do not comply with civil rights law. Erica L. Green, *Betsy*

*DeVos Refuses to Rule Out Giving Funds to Schools That Discriminate*, N.Y. Times (May 24,

2017), https://www.nytimes.com/2017/05/24/us/politics/betsy-devos-refuses-to-rule-out-giving-

funds-to-schools-that-discriminate.html?_r=0. She refused to answer a question on the same

topic in testimony before the Senate Health, Education, Labor, and Pensions committee on

June 6, 2017. Associated Press, *Betsy DeVos Non-Committal on Private School LGBTQ*

*Discrimination*, NBC News (June 6, 2017), http://www.nbcnews.com/feature/nbc-out/betsy-

devos-non-committal-private-school-lgbtq-discrimination-n768971.

12.     Against this backdrop, the public interest in understanding ED's commitment to

upholding the law and its own rules is beyond question. The grave impact of sexual harassment

in schools, and ED's refusal to commit to enforcing federal civil rights laws that require schools

to address harassment, render records reflecting the agency's sexual harassment-related

enforcement of Title IX a matter of great interest and importance to students, their loved ones,

and legal advocates like NWLC.

13.     On January 26, 2017, NWLC submitted a FOIA request to the Department of

Education via email and U.S. mail. A copy of that request is attached to this complaint as

Exhibit A.

14.     In its letter, NWLC requested: "1) All records, including but not limited to case

indices, reflecting sexual harassment cases pending before the Office for Civil Rights. 2) All

Compliance Reviews, Complaint Resolutions, Resolutions Between the Parties, Letters of

Findings and Enforcement, and similar documents reflecting the resolution of investigations into

schools for possible violations of Title IX . . . related to sexual harassment." Exhibit A.

15.     On February 21, 2017, ED sent NWLC a letter, attached as Exhibit B. The letter

noted that the agency had received the FOIA request on January 30, 2017. ED acknowledged

that "FOIA requires that an agency make a determination on a FOIA request within 20 working

days of receipt of the request in the appropriate office," but nonetheless explained it would be

unable to fulfill NWLC's request by that deadline "due to the backlog of requests and the competing demands for the time of staff that are working to respond to [NWLC's] request." Exhibit B.

16.     ED's February 21, 2017 letter did not provide any time frame in which ED would commit to comply with the law, nor did it acknowledge the agency's obligation to provide records within no more than ten additional working days under "unusual circumstances," as defined in 5 U.S.C. § 552(a)(6)(B)(iii). It also failed to "provide [NWLC] an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," as is necessary for an agency that requires an extension of more than ten additional working days to supply records requested under FOIA. 5 U.S.C. § 552(a)(6)(B)(ii),

17.     Months later, ED still has not provided any records to NWLC, in clear violation of the agency's obligation under FOIA.

18.     This complete lack of response entitles NWLC to seek redress in this court in order to compel ED to comply with its statutory obligations.  *See, e.g., Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if ... the agency fails to answer the request within twenty days.").

## CLAIM FOR RELIEF

19.     NWLC repeats and incorporates every allegation contained in paragraphs 1-18 as though set out in full.

20.     ED's failure to release responsive records violates NWLC's right to those records under FOIA, 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

Plaintiff NWLC respectfully requests that this Court:

i)      Order Defendant to disclose and release the requested records in their

        entireties and to make copies available to Plaintiff;

ii)     Provide for expeditious proceedings in this action;

iii)    Award Plaintiff costs and reasonable attorney's fees in this action as

        provided by 5  U.S.C. § 552(a)(1)-(2); and

iv)     Grant any other relief the Court deems appropriate.

Dated this 12th day of June, 2017.

_____/s/*Neena Chaudhry*_____
Neena Chaudhry – Bar No. 460567
National Women's Law Center
11 Dupont Circle, N.W., Suite 800
Washington, DC 20036
202-588-5180
nchaudhry@nwlc.org

Adam Shoemaker – Bar No. 998763
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC  20006
(202) 973-4200
adamshoemaker@dwt.com

*Attorneys for Plaintiff National Women's*
*Law Center*