**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
                               )
NATIONAL WOMEN'S LAW CENTER,   )
11 Dupont Circle, N.W., Suite 800 )
Washington, D.C. 20036,        )
                               )
            Plaintiff,         )
                               )
       v.                      ) Civil No. 17-1137 (ABJ)
                               )
DEPARTMENT OF EDUCATION        )
Washington, D.C. 20202,        )
                               )
            Defendant.         )
_____)
```

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, the Department of Education ("ED" or "the Department"), by and through its undersigned counsel, hereby answers the Complaint as follows.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, defendant admits, denies and otherwise avers as follows:

## INTRODUCTION

1. This paragraph sets forth plaintiff's characterization of the case and legal conclusions, to which no response is required.

2. Defendant admits that plaintiff made a request for access to documents under the Freedom of Information Act ("FOIA"), and avers that the request speaks for itself and is the best evidence of its contents.  Plaintiff's remaining averments constitute plaintiff's legal conclusions, to which no response is required.

3. This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

## JURISDICTION AND VENUE

4. This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

5. This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 6.

7. Admit.

**STATEMENT OF FACTS**

8.   This paragraph consists exclusively of plaintiff's allegations regarding sexual harassment based on specified third-party writings.  Defendant avers that the writings speak for themselves and are the best evidence of their contents, to which no response is required.

9.   This paragraph consists exclusively of plaintiff's allegations regarding sexual harassment based on specified third-party writings.  Defendant avers that the writings speak for themselves and are the best evidence of their contents.

10.   This paragraph consists exclusively of plaintiff's allegations regarding sexual harassment based on specified third-party writings.  Defendant avers that the writings speak for themselves and are the best evidence of their contents.

11.   This paragraph consists exclusively of plaintiff's allegations regarding sexual harassment based on specified third-party writings.  Defendant avers that the writings speak for themselves and are the best evidence of their contents.

12.   This paragraph consists of plaintiff's legal conclusions regarding sexual harassment, to which no response is required.

13.   Defendant admits that by email and mail dates January 26, 2017, plaintiff made a request for access to documents under

the FOIA, and avers that the request speaks for itself and is the best evidence of its contents.

   14.   Defendant admits that by email and mail dates January 26, 2017, plaintiff made a request for access to documents under the FOIA, and avers that plaintiff's FOIA request speaks for itself and is the best evidence of its contents. Defendant avers further that, via email communication dated January 31, 2017, plaintiff narrowed the scope of its FOIA request to encompass (1)"A list of all sexual harassment complaints currently being investigated by the Office for Civil Rights (OCR); and (2) Copies of all letters of finding, resolution letters and resolution agreements issued by OCR from January 1, 2017 to the present."  Plaintiff further clarified that it sought "only interested in letters issued after an OCR investigation and were not interested in complaints that were closed through administrative closures or dismissals without an OCR investigation."

   15.   Defendant admits that on February 21, 2017, ED sent plaintiff a letter, and avers that the letter speaks for itself and is the best evidence of its contents.

16. Defendant admits that on February 21, 2017, ED sent plaintiff a letter, and avers that the letter speaks for itself and is the best evidence of its contents.

17. Deny and aver that, on June 13, 2017, defendant responded in full to item 1 of plaintiff's FOIA request, as clarified in their January 31, 2017 email, by providing a list of all identified sexual harassment complaints. Further, on June 13, 2017, defendant issued a partial response to item 2 of plaintiff's clarified FOIA request by providing a list of the 60 investigations that involve issues of sexual harassment that have been resolved since January 1, 2017, as of June 12, 2017, and by providing plaintiff with a link to the publically available resolution documents for 19 of those investigations. Defendant is currently processing the outstanding responsive records and expects to release them to plaintiff shortly.

18. This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

## CLAIM FOR RELIEF

19. Defendant incorporates by reference its responses to paragraphs 1-18 above.

20. This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

**PRAYER FOR RELIEF**

The remainder of the Complaint is a prayer for relief to which no answer is required, but insofar as an answer is deemed required, defendant denies that plaintiff is entitled to the requested relief or any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. BAR # 415793
United States Attorney
   for the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

 /*Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
marina.braswell@usdoj.gov